IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL COTTON, | No. 4:19-CV-01359 |
| Plaintiff, | (Judge Brann) |
| v. | |
| PETE DAMITER, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### MARCH 9, 2021

Plaintiff Earl Cotton, a Pennsylvania state prisoner presently incarcerated at State Correctional Institution at Frackville in Frackville, Pennsylvania, has filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging various First Amendment retaliation claims.[1] After a partial motion to dismiss was granted, the remaining Defendants filed an answer regarding the First Amendment retaliation claim.[2] Plaintiff presently resides at SCI Frackville, and the facility's mailing address is 301 Morea Road, Frackville, PA 17932.

Presently before the Court is Plaintiff's motion to compel proper service, in which he seeks to have Defendants to serve him at his known address listed on the docket.[3] In his motion, Plaintiff alleges that counsel for Defendants continues to

---

[1] Doc. 1.
[2] Doc. 29.
[3] Doc. 23.

serve Plaintiff via Smart Communications, a private company contracted by the Pennsylvania Department of Corrections, located in St. Petersburg, Florida. According to Plaintiff, Smart Communications makes copies of the original mail, staples them together, and then mails them to SCI Frackville for delivery to Plaintiff. This process "often takes weeks," and Plaintiff will often receive responsive pleadings from counsel "two weeks or more after it was filed with the Court."[4] This causes Plaintiff difficulty in replying in a timely manner.

Plaintiff has "repeatedly asked defense counsel not to forward any material relating to this action to Smart Communications but counsel has ignored that request." "Absent clear instructions from this Court, counsel will continue to gain an unfair advantage improperly serving Plaintiff."[5] For relief, Plaintiff simply seeks that "[defense] counsel be instructed to serve all pleadings and other related papers upon Plaintiff at his last known address."[6]

DC-ADM 803 was enacted by the Pennsylvania Department of Corrections under the authority of the Secretary of Corrections, John E. Wetzel, on October 3, 2018.[7] Under the DC-ADM 803 procedures manual, "[a]ll incoming, non-privileged inmate correspondence must be addressed and sent to the Department's contracted

---

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] Pa. Dep't of Corrs., "Inmate Mail and Incoming Publications," at 1, *available at* https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf.

central incoming inmate mail processing center. Mail must be addressed as follows: Smart Communications, PA DOC, Inmate Name/Inmate Number, Institution Name, P.O. Box 33028, St. Petersburg, FL 33733." After Smart Communications receives the mail, it is opened, scanned, and then electronically transmitted to an inmate's institution, where institution staff prints and delivers paper copies of the mail to the inmate.[8]

Defendants oppose Plaintiff's motion, explaining that it should be denied for three reasons.[9] First, they argue that the courts within the Third Circuit have consistently found the DC-ADM 803 policy complies with the First Amendment.[10] Second, they state that Plaintiff's factual allegations are "an over exaggerated response" that directly is contradicted by the record.[11] Finally, Defendants explain that due to the Covid-19 pandemic, documents are being hand delivered directly to Plaintiff by the Department of Corrections.[12]

A review of the certificates of service filed by Defendants in this action provide that initially, Defendants served various papers on Plaintiff "VIA U.S. MAIL, Smart Communications/PA DOC, Earl Cotton, AS-0993, SCI Frackville, PO

---

[8] *Id.* at 1-8 to 1-9.
[9] Doc. 26.
[10] *Id.* at 2.
[11] *Id.*
[12] *Id.*

Box 33028, St. Petersburg, FL 33733."[13] After the start of the Covid-19 pandemic and in response to Plaintiff's motion to compel proper service, Defendants have served Plaintiff "via hand delivery through the Department of Corrections."[14]

Federal Rule of Civil Procedure 5 provides that the service of pleadings and other papers must be made in accordance with the following options:

> (b) Service: How Made.
>
> (1) Serving an Attorney. If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.
>
> (2) Service in General. A paper is served under this rule by:
>
> (A) handing it to the person;
>
> (B) leaving it:
>
> (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>
> (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
>
> (C) mailing it to the person's last known address—in which event service is complete upon mailing;
>
> (D) leaving it with the court clerk if the person has no known address;

---

[13] *See, e.g.*, Doc. 10 at 25. *See also* Docs. 12 at 3 and 19 at 3. *But see* Doc. 16 (containing no certificate of service).

[14] *See, e.g.*, Doc. 26 at 13 (opposition brief to motion to compel service); 39 at 3 (motion to depose plaintiff, which is Defendants' most recent filing with the Court in this action).

> (E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or
>
> (F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

These are the only methods by which a litigant may serve a pleading or other legal paper under the Federal Rules.

"In view of the important consequences that flow from the service of pleadings and other papers, the courts, quite rightly, have required the strictest and most exacting compliance with the rule when service is made by mail."[15] The importance of proper service was demonstrated in *United States v. Mensik*,[16] when the late Judge Malcolm Muir held that service of an amended complaint by the government through hand delivery at USP Lewisburg as the defendant's "usual place of abode" was insufficient.[17] There, the Court found that service was incomplete because the defendant had escaped from USP Lewisburg and was still at large; USP Lewisburg could not suffice under the judicial interpretation of the phrase "usual

---

[15] *Timmons v. United States*, 194 F.2d 357, 360 (4th Cir. 1952) (citing cases), *cert. denied* 344 U.S. 844 (1952).
[16] 57 F.R.D. 125 (1972) (denying motion for summary judgment when service of motion was insufficient under Rule 5).
[17] *Id.* at 127.

place of abode."[18]  The Court further noted that had the government simply served the amended complaint by mailing it to the defendant's "last known address" at USP Lewisburg, service would have been perfected.[19]

Here, the Court need not reach the issue of whether service under Rule 5 is satisfied by mailing pleadings and other documents to Plaintiff at the address of Smart Communications in Florida, because the issue is at present moot.  Defendants state that they have been hand delivering pleadings and other documents for service to Plaintiff's address of record, which is confirmed by a review of the certificates of service filed with the Court.  Plaintiff is free to renew his motion should Defendants' method of service change.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel service, Doc. 23, is **DENIED WITHOUT PREJUDICE AS MOOT**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[18]   Id.
[19]   Id.